## SETTLEMENT AGREEMENT, RELEASE, AND COVENANT NOT TO SUE

This Settlement, Release, and Covenant Not to Sue Agreement ("AGREEMENT") is entered into by and between Susan Lambert ("Plaintiff" or "Lambert") and Angel Oak Funding, LLC ("Defendant").

## RECITALS

This AGREEMENT is made considering the following facts:

A.  **WHEREAS**, Susan Lambert is the Plaintiff in the lawsuit filed against Angel Oak Funding, LLC in the United States District Court for the Northern District of Georgia and originally filed as *Susan Lambert, Individually, and on Behalf of All Others Similarly Situated v. Angel Oak Funding, LLC*, Case No. 1:13-cv-3484-RLV (the "LAWSUIT"), alleging that she was not properly compensated for all hours worked pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.* and alleging violations of certain state laws for intentional infliction of emotional distress as to Plaintiff only;

B.  **WHEREAS**, Defendant denied, and continues to deny, the validity of the claims and allegations asserted against it;

C.  **WHEREAS**, the Court granted Plaintiff's Motion to Withdraw the Collective Action Allegations and Defendant's Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress, leaving only an individual claim of violation of the Fair Labor Standards Act;

D.  **WHEREAS**, the Parties and their counsel, having conducted a detailed factual investigation of the claims and defenses asserted in the lawsuit, have determined that a compromise, settlement and dismissal of the instant action, with prejudice, will best serve the interests of all concerned;

E.  **WHEREAS,** the Parties and their counsel have also concluded that the terms of this AGREEMENT are fair, reasonable, adequate and in the parties' mutual best interests; and,

F.  **WHEREAS,** Defendant is willing to provide Plaintiff with certain considerations described below, which she would not ordinarily be required to provide, provided the LAWSUIT is dismissed with prejudice, and Plaintiff releases Defendant from any claims she has made or might make as set forth in Paragraph 5 of this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **RECITALS:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **DEFINITIONS:** Throughout this AGREEMENT, the term "Susan Lambert" shall include her heirs, legal representatives, successors, and assigns, and the term Angel Oak Funding, LLC, which is now known as Angel Oak Home Loans, LLC, shall include its successors and assigns, and its past and current officers, directors, and employees, as well as any and all related corporate entities, including any past or current parent or sister corporation, limited liability companies or partnerships, their successors and assigns, and their past and current officers, directors, and employees.,

3. **SETTLEMENT SUM:** As consideration for signing this AGREEMENT and compliance with the promises made herein, Angel Oak Funding, LLC agrees to pay Plaintiff a total of EIGHTY-FIVE THOUSAND DOLLARS AND 00/100 CENTS ($85,000.00) as follows:

   A. $15,969.57 shall be made payable as attorney's fees and costs to Lambert's Legal Counsel: Terrence Buehler, for which an IRS Form 1099 shall be issued;

   B. $12,615.00 shall made payable to Lambert's Legal Counsel: DiTommaso Lubin Austermuehle ("DLA"), for which an IRS Form 1099 shall be issued and such payment shall be delivered to DLA at 17 W 220 22nd Street, Suite 410 Oakbrook Terrace, IL 60181;

   C. $2686.45 shall be made payable as attorney's fees and costs to Lambert's Legal Counsel: Gregory R. Fidlon, for which an IRS Form 1099 shall be issued; and

   D. $53,728.00 shall be made payable to Lambert, for which an IRS Form 1099 shall be issued.

   E. The payments shall be delivered to Lambert's legal counsel Terrence Buehler at 20 North Clark St., Suite 800 Chicago, IL no later than 14 days after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after Lambert has executed this AGREEMENT and her counsel has returned it to Defendant's counsel).

4. **CONSIDERATION:** The Parties understand and agree that they would not receive the monies and/or benefits specified in this AGREEMENT above but for their execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **RELEASE OF CLAIMS AND COVENANT NOT TO SUE:**

   A. In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff agrees to the dismissal with prejudice of the LAWSUIT filed against Angel Oak Funding, LLC and any other claims or assertions of liability against Angel Oak Funding, LLC for violations of the FLSA that may exist.

B. Plaintiff also forgoes any and all rights to participate in any other individual, class or collective action against Angel Oak Funding, LLC and further covenants and agrees not to accept, recover or receive any back pay, liquidated damages, other damages or any form of relief based upon any claims asserted or settled in this LAWSUIT that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against Angel Oak Funding, LLC. Plaintiff further acknowledges and agrees that she will not bring any action or participate in any action against Angel Oak Funding, LLC concerning any claims that are the subject of this release.

C. Plaintiff further forgoes any claims against Angel Oak Funding, LLC arising under federal, state, or local statutes, ordinances, or common laws, specifically including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; the Fair Labor Standards Act, as amended; the Equal Pay Act, as amended; the Family and Medical Leave Act of 1993, as amended; the Americans with Disabilities Act, as amended; the Employee Retirement Income Security Act of 1974, as amended; the federal Age Discrimination in Employment Act; and any common law claims, including but not limited to, defamation, intentional or negligent infliction of emotional distress, invasion of privacy, tortious misrepresentation, negligent hiring and retention, assault and battery, negligent breach of statutory duty, and/or claims for attorneys' fees for any actions occurring prior to the execution of this agreement.

D. No provision of this AGREEMENT shall be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

E. Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, known to Defendant as of the date execution of this Agreement which Defendant has or may have against Plaintiff as of the date of execution of this Agreement.

6. **TAX LIABILITY:** Plaintiff understands that Angel Oak Funding, LLC shall issue an IRS Form 1099 for the payments to Plaintiff and for those designated as attorney's fees specified in Paragraph 3 of this AGREEMENT. In paying the amounts specified in Paragraph 3, Angel Oak Funding, LLC makes no representation regarding the tax consequences or liability arising from said payments. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Angel Oak Funding, LLC has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in Paragraph 3 of the AGREEMENT.) Plaintiff agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. Plaintiff further agrees to hold Angel Oak Funding, LLC harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums.

7. **AFFIRMATIONS:** Plaintiff represents and affirms that, other than the LAWSUIT referenced herein, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Angel Oak Funding, LLC with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Plaintiff further represents and affirms as a material term of this AGREEMENT that she has been paid and/or received all compensation and/or benefits to which she may be entitled from Angel Oak Funding, LLC due to work she performed for Angel Oak Funding, LLC.

8. **NO ASSIGNMENT:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

9. **EFFECT OF TERMINATION:** In the event that this AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any Court:

    A. The AGREEMENT shall have no force or effect, and no party shall be bound by any of its terms with respect to the terminating party;

    B. Angel Oak Funding, LLC shall have no obligation to make any payments to Plaintiff;

    C. This AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties all of whom shall be restored to their respective positions in the LITIGATION prior to the settlement; and,

    D. Neither this AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

10. **GOVERNING LAW AND JURISDICTION:** This AGREEMENT shall be governed and interpreted in accordance with the laws of the state of Georgia.

11. **NO ADMISSION OF LIABILITY:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by either of the Parties of any liability or unlawful conduct of any kind.

12. **HEADINGS:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **MODIFICATION OF AGREEMENT:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in a writing executed by all Parties. Plaintiff agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged.

14. **INTERPRETATION:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be made legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

15. **BINDING NATURE OF AGREEMENT:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

16. **ENTIRE AGREEMENT:** This AGREEMENT sets forth the entire settlement between the parties hereto with regard to the dismissal of the LAWSUIT.

17. **SELECTIVE ENFORCEMENT:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

18. **MUTUAL NONDISPARAGEMENT:** The Parties agree and promise that they will not undertake any harassing or disparaging conduct directed at each other, and that they will refrain from making any negative, detracting, derogatory, and unfavorable statements about each other to any third parties.

19. **COUNTERPARTS:** The Parties agree that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes.

-6-

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

_____  
Susan Lambert

Dated: 12/1/2017

Angel Oak Home Loans, LLC, f/k/a Angel Oak Funding, LLC  
By: _____ Steven G Schwalb  
Its: CEO and Managing Member

Dated: 11/30/2017